UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAUL FERNANDEZ VICIOSO,<br><br>Defendant | Criminal No.<br><br>Violations:<br><br>Count One: Conspiracy to Commit SNAP Benefit Fraud<br>(18 U.S.C. § 371)<br><br>Count Two: Conspiracy to Commit Wire Fraud<br>(18 U.S.C. § 1349)<br><br>Count Three: SNAP Benefit Fraud, Aiding and Abetting<br>(7 U.S.C. § 2024(b) and 18 U.S.C. § 2)<br><br>Count Four: Money Laundering<br>((18 U.S.C. § 1956(a)(1)(B)(i))<br><br>SNAP Benefit Fraud Forfeiture Allegation:<br>(7 U.S.C. § 2024(f), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c))<br><br>Wire Fraud Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. Defendant Raul Fernandez Vicioso (FERNANDEZ VICIOSO) was a resident of Fitchburg, Massachusetts.

2. El Primo Restaurant was located in Leominster, Massachusetts.

3. The United States Department of Agriculture (USDA), Food and Nutrition Service (FNS), a United States department and agency, sponsored, supervised, funded, and oversaw the Supplemental Nutrition Assistance Program (SNAP), a federal government program formerly known as the Food Stamp Program.

4. SNAP is a federal benefit program intended to assist low-income individuals and families purchase food. Congress passed SNAP to "promote the general welfare, to safeguard the health and well-being of the nation's population by raising levels of nutrition among low-income households." 7 U.S.C. § 2011.

5. Under SNAP, eligible individuals receive credits to buy food from retail food stores that participate in SNAP by means of an electronic benefit transfer (EBT) card, which is used like a debit or credit card. Critically, SNAP benefits can only be used by authorized users to purchase foodstuffs.

6. An individual applicant may add eligible family members to an application, which permits those individuals also to use the EBT card and which increases the benefits disbursed to that household. Nonfood items, such as gasoline, medicines, alcohol, and cigarettes, are not eligible for purchase using SNAP funds.

7. The USDA administers SNAP nationally. Individuals or families in need of SNAP benefits may apply for assistance through State agencies.

8. In Rhode Island, SNAP benefits are administered to recipients by the Rhode Island Department of Human Services (RI DHS) in accordance with federal requirements. RI DHS is responsible for determining SNAP eligibility and authorizing benefits for low-income individuals in need.

9. To qualify for SNAP in Rhode Island, the applicant must be a resident of Rhode Island, meet the financial eligibility requirements, and be a United States citizen or an eligible non-citizen, such as Lawful Permanent Resident (LPR) who has earned, or can be credited with, 40 quarters of work. An applicant for SNAP benefits must also provide proof of their identity, that is, the applicant must be the person who they claim to be. Among other things, an applicant must also furnish a Social Security number or provide proof that the applicant has applied for one.

10. An applicant for SNAP benefits must provide complete and accurate information both at the time of application and on an ongoing basis for RI DHS to properly assess initial and continued eligibility for benefits.

11. In Massachusetts, SNAP benefits are administered to recipients by the Massachusetts Department of Transitional Assistance (MA DTA) in accordance with federal requirements. MA DTA is responsible for determining SNAP eligibility and authorizing benefits for low-income individuals in need.

12. Victims 1 through 3 are individuals whose identities were fraudulently utilized by FERNANDEZ and his coconspirators to apply for SNAP benefits in Massachusetts and/or Rhode Island. There are approximately 115 other victims whose identities were similarly utilized.

13. The Coronavirus Aid, Relief and Economic Security Act (the "CARES Act") created a new temporary federal unemployment insurance program called Pandemic Unemployment Assistance (PUA).

14. The Massachusetts Department of Unemployment Assistance administered and managed the PUA program in Massachusetts.

15. Eligible Massachusetts residents could apply for PUA benefits through an online portal by providing personally identifiable information (PII), including their first and last name, Social Security number (SSN), date of birth, residential and mailing addresses, and bank account information.

16. Other states, such as New York, Ohio, Pennsylvania and Nevada have similar agencies to administer and manage PUA programs and procedures for eligible residents to apply for PUA benefits.

## SNAP BENEFIT FRAUD

### Object and Purpose of the Conspiracy

17. The object of the conspiracy is to commit SNAP Benefit Fraud. The principal purpose of the conspiracy for the defendant and his coconspirators was to enrich themselves by using fraudulently obtained SNAP benefits to purchase food to support the operation of the El Primo Restaurant.

### Manner and Means of the Conspiracy

18. Among the manner and means by which FERNANDEZ VICIOSO and his coconspirators carried out the conspiracy were the following:

   a. Acquiring stolen personally identifiable information (PII) of U.S. citizens.

   b. Utilizing the stolen PII to fraudulently apply for SNAP benefits in Massachusetts and Rhode Island.

   c. Concealing the scheme by removing the printed names from the fraudulent SNAP benefit cards and setting identical Personal Identification Numbers (PINs).

   d. Purchasing large quantities of bulk food items (far greater than for personal use) utilizing the fraudulent SNAP EBT cards at various local wholesalers and food markets to stock the El Primo Restaurant

e.  Preparing and selling bulk food items purchased with fraudulent SNAP benefit cards for retail sale at the El Primo Restaurant.

f.  Wiring proceeds from these schemes to individuals in Venezuela and the Dominican Republic.

Overt Acts in Furtherance of the Conspiracy

19. From in or about December 2023 through in or about September 24, 2025, FERNANDEZ VICIOSO and coconspirators committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

a.  In December 2023, a fraudulent expedited online SNAP application using the identity of Victim 1 was submitted resulting in the issuance of benefits.

b.  In April 2024, a fraudulent online SNAP application using the identity of Victim 2 was submitted resulting in the issuance of SNAP benefits.

c.  In April 2024, a fraudulent online SNAP application using the identity of Victim 3 was submitted resulting in the issuance of SNAP benefits.

d.  In May 2024, FERNANDEZ VICIOSO used the SNAP EBT cards issued to the identities of Victims 1 and 2 to complete transactions at BJ's Wholesale Club in Leominster, Massachusetts with a membership card issued to the El Primo Restaurant.

e.  In June 2024, FERNANDEZ VICIOSO used the SNAP EBT card issued to Victim 3 to complete transactions at Hannaford Supermarket in Leominster, Massachusetts and BJ's Wholesale Club in Leominster, Massachusetts using a membership card issued to the El Primo Restaurant.

f.  On April 14, 2025, FERNANDEZ VICIOSO used the SNAP EBT card issued to Victim 2 to complete transactions at BJ's Wholesale Club in Leominster, Massachusetts with a membership card issued to the El Primo Restaurant.

g.  On September 24, 2024, FERNANDEZ possessed fraudulently obtained Massachusetts and Rhode Island EBT cards, fraudulent documents bearing a Providence address involved in the scheme, printed ledgers, and handwritten lists of more than 100 identities (names, dates of birth, and SSNs), and SNAP-related mailings.

## PUA FRAUD

### Object and Purpose of the Conspiracy

20.     The object of the conspiracy is to commit PUA benefit fraud.  The principal purpose of the conspiracy for the defendant and his coconspirators was to enrich themselves by fraudulently obtaining PUA benefits and payments by causing state agencies in Massachusetts, New York, Pennsylvania, Ohio, and Nevada to issue PUA benefits and payments to the bank accounts provided by one or more members of the conspiracy.

### Manner and Means of the PUA Fraud Conspiracy and Scheme to Defraud

21.     Among the manner and means by which FERNANDEZ VICIOSO and coconspirators known and unknown to the United States Attorney carried out the conspiracy and the scheme to defraud were the following:

   a. Using email addresses, residential addresses, and phone numbers that they controlled, to submit the fraudulent PUA applications containing stolen personally identifiable information (PII) of U.S. citizens.

   b. Using bank accounts to receive the proceeds of the fraudulent PUA applications

   c. Submitting fraudulent documents in support of their continued eligibility.

   d. Receiving over $700,000 in PUA funds from Massachusetts, New York, Pennsylvania, Ohio, and Nevada based on fraudulent claims submitted by FERNANDEZ VICIOSO and coconspirators known and unknown to the United States Attorney.

   e. Using PUA funds for their personal benefit.

Acts in Furtherance of the Conspiracy and the Scheme to Defraud

22.     From in or about April 2020 through in or about June 2021, FERNANDEZ VICIOSO and coconspirators committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy and the scheme to defraud:

  a. On or about April 21, 2020, FERNANDEZ VICIOSO submitted a false application for PUA benefits under his name using IP address 37.1.214.214 and listing his phone number ending in 0345.

  b. On or about April 26, 2020, FERNANDEZ VICIOSO and coconspirators submitted a false application for PUA benefits using IP address 37.1.214.214 and listing his phone number ending in 0345, though, on this occasion, using a second email address and another different name.

  c. On or about April 27, 2020, FERNANDEZ VICIOSO and coconspirators submitted a false application for PUA benefits using IP address 37.1.214.214 and listing his phone number ending in 0345, though, on this occasion, using a third email address and another different name.

  d. On or about May 3, 2020, FERNANDEZ VICIOSO and coconspirators requested payment resulting in payment of approximately $917.00 in fraudulent PUA payments.

  e. On or about January 19, 2021, FERNANDEZ VICIOSO and coconspirators requested payment resulting in payment of approximately $617.00 in fraudulent PUA payments.

  f. On or about March 15, 2021, FERNANDEZ VICIOSO and coconspirators requested payment resulting in payment of approximately $617.00 in fraudulent PUA payments.

  g. On or about June 28, 2021, FERNANDEZ VICIOSO and coconspirators requested payment resulting in payment of approximately $617.00 in fraudulent PUA payments.

<u>COUNT ONE</u>
Conspiracy to Commit SNAP Benefit Fraud
(18 U.S.C. § 371)

The United States Attorney charges:

22. The United States Attorney re-alleges and incorporates by reference paragraphs 1-12 and 17-19 of this Information.

23. From in or about December 2023, through in or about September 24, 2025, in the District of Massachusetts, and elsewhere, the defendant,

RAUL FERNANDEZ VICIOSO,

conspired with others both known and unknown to the United States Attorney to commit an offense against the United States, to wit, to knowingly use, transfer, acquire, and possess SNAP benefits having a value of $5,000 or more, in a manner not authorized by Title 7, United States Code, Chapter 51, that is, fraudulently obtaining SNAP EBT cards to further obtain bulk food items for retail sale at the El Primo Restaurant, in violation of Title 7, United States Code, Section 2024(b).

All in violation of Title 18, United States Code, Section 371.

<u>COUNT TWO</u>
Conspiracy to Commit Wire Fraud
(18 U.S.C. § 1349)

The United States Attorney further charges:

24. The United States Attorney re-alleges and incorporates by reference paragraphs 1-2, 13-16, and 20-22 of this Information.

25. From in or about April 2020, through in or about June 2021, in the District of Massachusetts, and elsewhere, the defendant,

RAUL FERNANDEZ VICIOSO,

conspired with others known and unknown to the United States Attorney to commit the following offense: wire fraud, that is, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing the scheme to defraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

COUNT THREE
Use, Transfer, Acquisition, and Possession of SNAP Benefits in an
Unauthorized Manner, Aiding and Abetting
(7 U.S.C. § 2024(b), 18 U.S.C. § 2)

The United States Attorney further charges:

26. The United States Attorney re-alleges and incorporates by reference paragraphs 1-14 of this Information.

27. On or about April 1, 2025, in the District of Massachusetts, and elsewhere, the defendant,

RAUL FERNANDEZ VICIOSO,

knowingly used, transferred, acquired, and possessed SNAP benefits having a value of $100 or more, but less than $5,000, in a manner not authorized by Title 7, United States Code, Chapter 51, that is, fraudulently obtaining SNAP EBT cards to further obtain bulk food items for retail sale at the El Primo Restaurant.

All in violation of Title 7, United States Code, Section 2024(b), and Title 18, United States Code, Section 2.

## COUNT FOUR
## Money Laundering
## (18 U.S.C. § 1956(a)(1)(B)(i))

The United States Attorney further charges:

28. On or about April 1, 2025, in the District of Massachusetts, and elsewhere, the defendant,

### RAUL FERNANDEZ VICIOSO,

did conduct and attempt to conduct a financial transaction, to wit, the purchase of bulk food items intended for resale at the El Primo Restaurant using fraudulent SNAP EBT benefit cards knowing that the property involved in such transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, Conspiracy to Commit SNAP Benefits Fraud in violation of Title 18, United States Code, Section 371, knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>SNAP BENEFIT FRAUD FORFEITURE ALLEGATION</u>
(7 U.S.C. § 2024(f), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c))

1. Upon conviction of one of more of the offenses in violation of Title 18, United States Code, Sections 371 and Title 7, United States Code, Section 2024(b), set forth in Counts One and Three, the defendant,

RAUL FERNANDEZ VICIOSO,

shall forfeit to the United States, pursuant to Title 7, United States Code, Section 2024(f), any nonfood items, moneys, negotiable instruments, securities, or other things of value that are furnished by any person in exchange for benefits, or anything of value obtained by use of an access device, in any manner contrary to Title 7, United States Code, Section 2024, and, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 7, United States Code, Section 2024(f), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 7, United States Code, Section 2024(f), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## WIRE FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.      Upon conviction of the offense in violation of Title 18, United States Code, Section 1349, set forth in Count Two, the defendant,

RAUL FERNANDEZ VICIOSO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   f.  cannot be located upon the exercise of due diligence;

   g.  has been transferred or sold to, or deposited with, a third party;

   h.  has been placed beyond the jurisdiction of the Court;

   i.  has been substantially diminished in value; or

   j.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

1.  Upon conviction of the offense in violation of Title 18, United States Code, Section 1956, set forth in Count Four, the defendant,

RAUL FERNANDEZ VICIOSO,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

                                                        Respectfully submitted,

                                                        LEAH B. FOLEY
                                                        United States Attorney

                                       By: <u>/s/ *Danial E. Bennett*</u>
                                                      Danial E. Bennett
                                                      Assistant U.S. Attorney

Date: February 3, 2026